# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Tammy Devane, individually and on behalf of all others similarly situated, | 1:22-cv-04900 |
| Plaintiff, | Hon. Andrea R. Wood |
| - against - | |
| Instant Brands LLC, | |
| Defendant | |

## DEFENDANT INSTANT BRANDS LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF CONTENTS**

I.    Plaintiff Lacks Standing Under Rule 12(b)(1). ................................................................5
    A.    Plaintiff Lacks Article III Standing. ....................................................................5
    B.    Plaintiff Lacks Class Standing to Assert Claims on Behalf of Non-Floridians. ..................7
    C.    Plaintiff Has No Standing to Pursue Injunctive Relief.......................................................7
II.    Plaintiff Fails to State a Claim Under Rule 12(b)(6). ......................................................8
    A.    Plaintiff's Consumer Fraud Claims Fail as No Reasonable Consumer Would Misinterpret "Dishwasher Safe." ...............................................................................................9
    B.    Plaintiff Fails to Plead Her ICFA and Fraud Claims with Particularity. ...........................11
    C.    Plaintiff's Warranty Claims Fail. ......................................................................................12
        1.    Plaintiff's Claims Are Barred for Failure to Provide Pre-Suit Notice. ..........................12
        2.    Plaintiff's Warranty Claims Fail for Other Reasons. .....................................................12
            a.    *Plaintiff lacks privity with Instant Brands.* ................................................................13
            b.    *Plaintiff cannot sustain a claim under the MMWA.* ...................................................13
            c.    *Plaintiff fails to plead fitness for a particular purpose.* ..............................................13
    D.    The Economic Loss Doctrine Bars Plaintiff's Negligent Misrepresentation Claim. ..........14
    E.    Plaintiff's Unjust Enrichment Claim Is Fatally Duplicative. .............................................15

Defendant Instant Brands LLC ("Instant Brands") submits the following memorandum in support of its motion to dismiss Plaintiff Tammy Devane's ("Plaintiff") Complaint.

## INTRODUCTION

Without specifying the SKU, date, month, or specific store where she purchased Instant Brands' iconic Pyrex® measuring cup, Plaintiff asserts that the measurement lines wore off after she washed them in her dishwasher an unknown number of times, thus making the cups purportedly not "dishwasher safe." Plaintiff's dissatisfaction with the longevity of measurement lines subject to high heat for an unknown amount of time, however, does not a lawsuit make. Plaintiff sued Instant Brands anyway, claiming the company's "dishwasher safe" advertising (1) violated the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") and Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), (2) violated various state consumer fraud acts, (3) breached an express warranty, implied warranty of merchantability and fitness for a particular purpose, and the Magnuson Moss Warranty Act, (4) negligently misrepresented the cups' attributes, (5) supported a claim for common law fraud, and (6) unjustly enriched Instant Brands. Plaintiff seeks both damages and injunctive relief. *See* ECF No. 1 ("Compl.").

The present case is yet another of the numerous[1] "unreasonable and unactionable" lawsuits filed by counsel for the Plaintiff, warranting dismissal of the complaint in its entirety, with prejudice. *See Lemke v. Kraft Heinz Food Co.*, No. 21-CV-278-WMC, 2022 WL 1442922, at *5 (W.D. Wis. May 6, 2022) (dismissing similar advertising case and opining "[T]his court agrees with the recent decisions issued by the Northern and Southern District Courts of Illinois, as well as the Southern District of New York, in rejecting other suits brought by plaintiff's counsel for

---

[1] As of the date of this filing, Plaintiff's counsel has 50 pending cases in the Northern District of Illinois alone. He filed 40 of those cases this year.

advancing an interpretation of a product's packaging that is "unreasonable and unactionable.") (SS[2]).

## BACKGROUND

Instant Brands sells a variety of Pyrex® products. One of the most recognizable Pyrex® products is the Pyrex® measuring cup, which comes in several sizes and SKUs such as 1-cup, 2-cup, and 4-cup, as well as multipiece sets and novelty varieties. Measuring Cups, https://www.pyrexhome.com /shop/measuring-cups.[3] The cups are made of "durable high-quality tempered glass," Compl. ¶ 15, which can "withstand extreme temperatures without breaking," *id.* ¶ 3. Many of the measuring cups contain red markings on the outer glass for common measurement increments. Measuring Cups, https://www.pyrexhome.com /shop/measuring-cups.

Instant Brands provides detailed safety and usage instructions for its Pyrex® glassware on its website. Product Warranties, https://www.pyrexhome.com/product-warranties.[4] It directs consumers to "[b]e sure to read the entire safety and usage instructions accompanying your Pyrex® glassware before use." *Id.* Though Pyrex® glass "is designed for temperatures typically used in baking" and is thus dishwasher safe, it should be kept "away from direct heat elements in the dishwasher." *Id.* If washed by hand, consumers should "use non-abrasive cleaners." *Id.* Instant Brands provides a two-year warranty for Pyrex® products, and "promises to replace any Pyrex®

---

[2] Cases cited in this brief brought by Plaintiff's counsel include the designation "(SS)" for convenience.
[3] "Judicial notice under Rule 201 may extend to facts contained on a defendant's website." *See Patterson v. Respondus, Inc.*, No. 20 C 7692, 2022 WL 7100547, at *8 (N.D. Ill. Oct. 11, 2022) (citing *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018)).
[4] Because the Complaint references and relies on Instant Brands' warranties, the Court may consider this evidence. As the Seventh Circuit has explained, courts "may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (collecting cases).

2

glass product that breaks from oven heat, and any Pyrex® non-glass accessory item with a manufacturing defect[.]" *Id.*

Plaintiff lives in Florida and allegedly bought Pyrex® measuring cups "on one or more occasions within the statute of limitations for each cause of action alleged, at locations including Walmart, 2602 James L Redman Pkwy, Plant City, FL 33566 … between September 2021 and April 2022[.]" Compl. ¶¶ 42, 51. Plaintiff does not specify what size measuring cups she purchased or whether any were a novelty character SKU. She claims she saw Pyrex® represented as "dishwasher safe," *id.* ¶ 45, and relied on those representations when purchasing the cups. She interpreted "dishwasher safe" to mean the red measurement lines would not fade if she washed the cups in her dishwasher, rather than that the glass could withstand the heat of the dishwasher without breaking. *Id.* ¶ 49. Assuming she did purchase the product at Walmart, it too allows consumers 90 days to return items for a refund or receive a replacement for in-store purchases. Walmart, https://corporate.walmart.com/policies#return-policy.

Plaintiff's complaint lacks several core details. She does not allege the price she paid for the cups, only that she bought them "at or exceeding the above-referenced price." *Id.* ¶ 52. She does not describe how many times she washed the Pyrex® cups before the measurement lines allegedly faded, asserting only that they degraded more rapidly than she expected. *Id.* ¶ 48. Nor does she claim she avoided abrasive cleaners or direct heat elements; instead, she buttresses her Complaint with a single Amazon.com review from an unknown consumer about an unknown SKU, complaining that the measurement markings "wore off" in "4 months of use." *Id.* ¶ 19. Plaintiff's supporting image, also from this unknown review, shows readable measurement lines. *Id.* ¶ 20.

Plaintiff now sues for herself and a putative Florida and Illinois class for the specified (but unsupported) claims, and then, for good measure, brings a class on behalf of unnamed plaintiffs

3

for unasserted claims residing in Alabama, Montana, Alaska, Texas, Arizona, New Mexico, Mississippi, Utah, Nebraska, South Carolina, Tennessee, and Virginia.

## ARGUMENT

Like several sister courts on similar allegations, this Court can dismiss this case entirely pursuant to Fed. R. Civ. P. 12(b)(1), as Plaintiff does not allege an injury in fact. Each claim suffers a similar standing infirmity. To begin, Plaintiff brings an ICFA claim (and seeks to represent a multi-state class) despite the fact that she is a Florida resident who has not alleged she made any purchases outside Florida. In addition, she seeks injunctive relief, despite now being aware of the purportedly deceptive advertising. Finally, as Plaintiff could have received a refund, but failed to seek one, she also lacks standing to bring her FDUPTA claim.

Plaintiff claims also fail under Fed. R. Civ. P. 12(b)(6). Plaintiff rests her consumer fraud claims (Counts 1-2) on an objectively unreasonable interpretation of "dishwasher safe." Further, she pleads no "who, what, where, when, or why" supporting her claims as required to satisfy the particularity requirement of Fed. R. Civ. P. 9(b). Plaintiff's warranty and tort claims (Counts 3-6) fare no better. As to the warranty claims, Plaintiff provided no pre-suit notice of the alleged defect with her Pyrex®, which bars recovery under any breach of warranty theory. A litany of reasons further supports dismissal: (1) Plaintiff lacks privity with Instant Brands, (2) her MMWA claim falls with the other warranty claims, and (3) her implied warranty of fitness for a particular purpose claim fatally neglects to mention any particular purpose. As for the purported negligent misrepresentation, the economic loss doctrine bars her claim. Finally, her unjust enrichment claim is merely duplicative of her consumer fraud and warranty claims. Because an amendment to these claims would be futile, dismissal with prejudice is warranted.

I.   **Plaintiff Lacks Standing Under Rule 12(b)(1).**

Under FED. R. CIV. P. 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. Lack of standing is jurisdictional. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). To establish standing, a plaintiff must show injury-in-fact, causation, and redressability. *Citizens Against Ruining the Env't v. E.P.A.*, 535 F.3d 670, 675 (7th Cir. 2008). Because standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof," courts turn to *Twombly-Iqbal's* plausibility requirement when defendants challenge standing. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

Plaintiff lacks standing on three fronts: (A) she alleges no injury in fact, as Article III requires; (B) she cannot pursue claims under the laws of states where she does not reside and was not injured; and (C) she is now aware of the alleged defect and may not seek injunctive relief. Counts 1 and 2 of Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

   A.   **Plaintiff Lacks Article III Standing.**

Article III of the Constitution restricts the power of federal courts to hear only "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. Thus, to establish constitutional standing, a plaintiff must allege sufficient facts to show an injury in fact that is concrete and particularized, actual or imminent, causally linked to the complained-of conduct, and redressable by the court's ruling. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017).

Here, Plaintiff's alleged injury relies on the allegation that she saw the phrase "dishwasher safe" when purchasing the measuring cup(s) and that she paid more than she would have had she known that representation was allegedly false. Compl. ¶¶ 45, 54. An injury based on Plaintiff's subjective belief that "dishwasher safe" meant the markings would not fade, regardless of how many times the cup(s) were washed, however, constitutes no injury at all. *Wheeler v. Panini Am., Inc.*, No. CV 22-00763 (BAH), 2022 WL 17039208, at *6 (D.D.C. Nov. 17, 2022) (SS) (dismissing

5

similar claims with prejudice because none of plaintiff's theories for relief were premised on a concrete injury: her allegation that she overpaid for a deck of cards because defendant put lottery instructions inside the box rather than outside and her allegation of a procedural violation based on the failure to put the instructions on the outside of the box each failed satisfy Article III).

Specific to her FDUPTA claim, Florida courts have further held that the ability to obtain a refund precludes a finding of actual harm. *See Hardy v. Bed Bath & Beyond, Inc.*, No. 17-22315-CIV, 2018 WL 1272687, at *2 (S.D. Fla. Mar. 9, 2018) (dismissing FDUPTA claim holding that because plaintiff could have received a full refund, "the only injury she actually alleges was essentially mooted."); *accord Hamilton v. Gen. Mills, Inc.*, 2016 WL 4060310, at *5 (D. Or. July 27, 2016) and *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1137 (D. Minn. 2016) (collecting cases). Here, the in-store return policy of the store from which Plaintiff claims to have purchased her product, Walmart, is unequivocal: "You have 90 days after purchase to exchange or return an item unless noted in our exceptions. Please provide your store receipt or Walmart.com/Walmart Business order number and we will refund your purchase to the original form of payment." Walmart, https://corporate.walmart.com/policies#return-policy.[5] The policy is listed under a header titled "Not 100% Satisfied? We Are Happy to Help." *Id.* None of the policy's exceptions apply to household wares such as Pyrex® measuring cups. Plaintiff could have received a refund, and this fact precludes her ability to show an injury. Having suffered no injury, Plaintiff has no standing to pursue her FDUPTA claim. Because Plaintiff does not premise her theory of relief on a concrete injury, she lacks standing to pursue any of her claims.

---

[5] "In ruling on a Rule 12(b)(1) motion, the Court may look outside of the complaint's allegations and consider the parties' evidence on the issue of jurisdiction." *Kyle v. Brennan*, No. 17 C 7646, 2018 WL 3232794, at *2 (N.D. Ill. July 2, 2018).

### B. Plaintiff Lacks Class Standing to Assert Claims on Behalf of Non-Floridians.

Additionally, standing requirements are not set aside just because a suit proceeds as a class action. *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002). Named plaintiffs "must possess the same interest and suffer the same injury shared by all members of the class [s]he represents." *Keele v. Wexler*, 149 F.3d 589, 592–93 (7th Cir. 1998).

"A plaintiff seeking to represent a class must personally have standing." *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 394 (S.D.N.Y. 2021) (SS) (citation omitted). Courts regularly dismiss putative class claims where the proposed representative lacks standing to bring them. *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 731–35 (N.D. Ill. 2015). For example, in *Brown v. Auto-Owners Insurance Co.*, No. 1:21-cv-02597, 2022 WL 2442548, *1 (N.D. Ill. June 1, 2022), an Illinois plaintiff sued on behalf of himself and out-of-state plaintiffs in Arizona, Kentucky, Utah, and Wisconsin. The court explained that "Plaintiffs cannot possess the same interest or suffer the same injury shared by all members of the class they wish to represent where Plaintiffs have no connection to [those states] and suffered no injury under those states' laws." *Id.* at *2. The court further stated, "[d]iscovery cannot fix the fact that Plaintiffs' have no injury under Arizona, Kentucky, Utah, or Wisconsin law." *Id.* at *3.

Plaintiff alleges only that she is a Florida citizen and bought Pyrex® measuring cups at a single Florida Walmart, apparently over several months. She pleads no injury in any way connected to Illinois, Alabama, Montana, Alaska, Texas, Arizona, New Mexico, Mississippi, Utah, Nebraska, South Carolina, Tennessee, or Virginia. Counts 1 and 2 should be dismissed with prejudice for lack of standing.

### C. Plaintiff Has No Standing to Pursue Injunctive Relief.

Injunctive relief is also unavailable here. *See Bartosiake v. Bimbo Bakeries USA, Inc.* No. 21-CV-04495, 2022 WL 4552025, at *2 n.1 (N.D. Ill. Sept. 29, 2022) (SS) (dismissing injunctive

relief claim for lack of standing). Plaintiff's allegation that she would purchase Pyrex® measuring cups if Instant Brands made the measurement lines more resilient to dishwashing does not spare the claim. *See Troutt v. Mondelez Glob. LLC*, No. 21-CV-01279-SPM, 2022 WL 16552956, at *6 (S.D. Ill. Oct. 31, 2022) (SS) (no standing where "[t]here is no chance [plaintiff] can claim to be harmed in the future"); *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 238-39 (S.D.N.Y. 2020) (finding conditional promises to purchase product if product is altered cannot allege future injury). The Court should dismiss her request for injunctive relief with prejudice.

## II.     Plaintiff Fails to State a Claim Under Rule 12(b)(6).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Mere speculation does not pass the plausibility bar, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts owe legal conclusions no deference, *Iqbal*, 556 U.S. at 679. What's more, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Plaintiff's Complaint fails in its entirety. First, no reasonable consumer would interpret Pyrex® glass' "dishwasher safe" advertising to mean the measurement lines will not wear after repeated dishwasher cycles. Second, Plaintiffs' ICFA and fraud claims do not allege specific facts, as FED. R. CIV. P. 9(b) requires. Third, Plaintiff's warranty claims are unviable: not only did she fail to notify Instant Brands of the alleged defect pre-suit, but there is no privity between Instant Brands and the class, and Plaintiff neglected to plead fitness for a particular purpose. Fourth, the economic loss rule bars her negligent misrepresentation claim. And fifth, her unjust enrichment claim is fatally duplicative.

A. **Plaintiff's Consumer Fraud Claims Fail as No Reasonable Consumer Would Misinterpret "Dishwasher Safe."**

Both FDUPTA and ICFA require Plaintiff to allege (1) a deceptive act or practice, (2) causation, and (3) damages. *Mazzeo v. Nature's Bounty, Inc.*, 2015 WL 1268271, at *3 (S.D. Fla. Mar. 19, 2015); *Troutt*, (SS) 2022 WL 16552956, at *3. "[A] statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001); *see e-ventures Worldwide, LLC v. Google, Inc.*, 188 F. Supp. 3d 1265, 1277 (M.D. Fla. 2016). "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020).

Courts in this district and others continue to grow less tolerant of fanciful allegations of consumer deception, with notably many driven by Plaintiff's counsel in this case. *See e.g. Reinitz v. Kellogg Sales Co.*, 2022 WL 1813891, at *4 (C.D. Ill. June 2, 2022) (SS) (granting dismissal and finding that "[p]laintiff fails to support that a chocolate-tasting fudge product made from oils and whey would mislead a reasonable consumer"); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *4 (SS) (N.D. Ill. Mar. 1, 2022) (dismissing complaint because "no reasonable consumer could conclude that the filling contains a certain amount of strawberries based on the package's images and its use of the term 'Strawberry'"); *Rice v. Dreyer's Grand Ice Cream, Inc.*, 2022 WL 3908665, at *4 (SS) (N.D. Ill. Aug. 30, 2022) ("[A] reasonable consumer would not understand the front label to convey that the ice cream's coating consists only of chocolate and almonds[.]").[6]

---

[6] This jurisdiction is not alone in repeatedly dismissing claims brought by Plaintiff's counsel with prejudice. *See, e.g.*, *Devey v. Big Lots, Inc.*, No. 21-CV-6688L, 2022 WL 6827447, at *4 (W.D.N.Y. Oct. 12, 2022) (SS) ("Plaintiff's counsel appears to have made misleading labeling claims somewhat of a cottage industry, having filed over 70 such cases in the Second Circuit, and a few dozen more in other circuits nationwide. The vast majority have already resulted in dismissal, for various reasons."); *Chung v. Igloo*

9

This case offers yet another example of Plaintiff's counsel dragging a company into court to defend against an interpretation of a phrase that exceeds the bounds of credulity. Plaintiff highlights that "PYREX GLASS [WAS] DESIGNED TO WITHSTAND HEAT," Compl. § I, and that it was developed to "withstand extreme temperatures without breaking" and "adapted for consumer use as a non-breakable glass for oven dishes," *id.* ¶¶ 3-4. She further notes advertising that describes Pyrex® glass as "high-quality tempered glass." *Id.* ¶ 15. From the context of these representations cited in Plaintiff's own Complaint, it is obvious that reasonable consumers would therefore interpret Instant Brands' "dishwasher safe" advertising as pertaining to the durability of Pyrex® glass. *Bell*, 982 F.3d at 477 (directing courts weighing deceptive advertising claims to "take into account all the information available to consumers and the context in which that information is provided and used."); *see also Zahora v. Orgain LLC,* No. 21 C 705, 2021 WL 5140504, at *3-5 (SS) (N.D. Ill. Nov. 4, 2021). Yet Plaintiff asserts that "dishwasher safe" means the outer measurement lines will never fade, no matter how long the cups are used and regardless of how often they are washed. Compl. ¶¶ 19-21. That is a stretch. *See Troutt*, 2022 WL 16552956, at *4 (SS). None of Instant Brands' advertising links the "dishwasher safe" verbiage to the longevity of the cups' measurement lines, much less a promise that they would last an indeterminate amount of time after repeated washes. Plaintiff's alleged interpretation is objectively unreasonable warranting dismissal of the consumer fraud claims.[7]

---

*Products. Corp.*, No. 20-CV-4926 (MKB), 2022 WL 2657350, at *8 (E.D.N.Y. Jul. 8, 2022) (SS) (granting motion to dismiss where cooler's label advertising ice retention for up to 120 hours under controlled conditions would not mislead a reasonable customer).

[7] The same is true for Plaintiff's warranty claims: if based on an unreasonable interpretation of a label or advertising language, they should be dismissed. *See, e.g., In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 275 F. Supp. 3d 910, 925 (N.D. Ill. 2017) (dismissing warranty claims based on unreasonable interpretation).

### B. Plaintiff Fails to Plead Her ICFA and Fraud Claims with Particularity.

Rule 9(b) requires parties who allege fraud to "state with particularity the circumstances constituting fraud or mistake." To state a claim for violating ICFA or common law fraud, a plaintiff must satisfy the heightened pleading requirements of Rule 9(b). *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019); *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (an ICFA claim "must be pled with the same specificity as that required under common law fraud."). Rule 9(b) thus requires plaintiffs to identify the who, what, when, where, and how of the fraud alleged." *Benson,* 944 F.3d at 646.

Plaintiff's bare-bones allegations fall well short of Rule 9(b)'s standard. The Complaint does not state the price she paid, the size of measuring cup she purchased, the SKU she purchased, whether she bought a multipiece set, the day(s) she purchased the cup(s), or even the specific month(s) she purchased the cup(s). Compl. ¶¶ 45-56. As to Instant Brands' alleged "deception," she pleads only that she "relied on the representations, omissions and sale of the Product … to believe it was not defective, was dishwasher safe and that it would not rapidly degrade with normal use … ." *Id.* ¶ 66. She does not plead how many times she washed the cup(s) in the dishwasher, how long it took for the measurement lines to degrade, whether she followed Instant Brands' usage guidelines, whether she avoided abrasive cleaners when hand washing, whether she avoided the dishwasher's heat element, or even whether her lines faded such that her cups are unusable. Courts frequently reject similarly deficient allegations. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (affirming dismissal of ICFA claim under Rule 9(b) where plaintiff did not provide specifics). Plaintiff merely points to a single image of a usable cup she concedes is not her own and which shows still-visible measurement lines. Compl. ¶ 20.

Rule 9(b) requires more than self-serving, conclusory allegations. Plaintiffs' ICFA claim and common law fraud claims should be dismissed.

### C. Plaintiff's Warranty Claims Fail.

Plaintiff's warranty claims should likewise be dismissed with prejudice. First, Plaintiff did not provide statutorily required pre-suit notice. Second, she has no privity with Instant Brands. Third, her Complaint says nothing about the cups' fitness for a particular purpose.

#### 1. Plaintiff's Claims Are Barred for Failure to Provide Pre-Suit Notice.

The Illinois Uniform Commercial Code "requires a plaintiff to notify the defendant of the claimed deficiency in its product prior to filing suit." *Anthony v. Country Life Manuf., LLC*, 70 F. App'x 379, 384 (7th Cir. 2003). Failing to provide notice prior to filing suit has consequences: a plaintiff must "directly notify the seller of the troublesome nature of the transaction or be barred from recovering for a breach of warranty." *Connick v. Suzuki Motor Co.,* 675 N.E.2d 584, 589 (Ill. 1996). The pre-suit notice requirement "applies to all the various beneficiaries of an implied or express warranty in addition to the purchaser of the goods." *Maldonado v. Creative Woodworking Concepts*, *Inc.*, 296 Ill. App. 3d 935, 940 (1998).

Plaintiff provided no pre-suit notice, barring her warranty claims. She does not even pretend to claim she notified Instant Brands pre-suit. She instead tries to evade the UCC's bar on her claims by saying she "provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties." Compl. ¶ 79. That is insufficient. *Cota v. Ralph Lauren Corp.*, No. 21-C-1089, 2022 WL 1597631, at *3 (E.D. Wis. May 19, 2022) (SS) (holding that identical "provided or will provide notice" language did not suffice as pre-suit notice and accordingly dismissing warranty claims). Plaintiff's warranty claims are thus barred.

#### 2. Plaintiff's Warranty Claims Fail for Other Reasons.

While it is unnecessary for the Court to reach Instant Brands' other warranty-related arguments given the lack of pre-suit notice, we set them out here. *See id.* (SS).

12

        a.      *Plaintiff lacks privity with Instant Brands.*

Plaintiff can only state express and implied warranty claims against Instant Brands if the two are in privity. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003). It is obvious from the Complaint that no such privity exists. Plaintiff did not buy the Pyrex® cup(s) from Instant Brands; she bought them at Walmart. Compl. ¶ 51. "Contractual privity does not exist between a manufacturer and a person who buys from an independent dealer." *Slafter v. Haier US Appliance Sols., Inc.*, No. 21-CV-01326-SPM, 2022 WL 1912388, at *4 (S.D. Ill. June 3, 2022). Therefore, no privity exists between Instant Brands and Plaintiff, and her claim cannot proceed. *See Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1121-22 (N.D. Ill. 2019) (dismissing implied warranty claim for lack of privity).

        b.      *Plaintiff cannot sustain a claim under the MMWA.*

Plaintiff's lack of pre-suit notice and privity are also fatal to her Magnuson Moss Warranty Act claim. Such claims are tethered to the viability of a plaintiff's state-law warranty claims. *See Bartosiake,* 2022 WL 4552025, at *4 (SS) ("Because the state law warranty claims fail, the MMWA claim also fails."); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1266-67 (N.D. Fla. 2012). Plaintiff's warranty claims thus fail as a whole.

        c.      *Plaintiff fails to plead fitness for a particular purpose.*

To state a fitness for a particular purpose claim, Plaintiff must allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 802 (N.D. Ill. 2016). "No warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product." *Rosenstern v.*

13

*Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013); *see* U.C.C. § 2-315, cmt. 2. In *In re Rust-Oleum*, the court dismissed a fitness claim because it found that "resurfacing and protection were both explicitly advertised as customary uses" of an outdoor deck resurfacing product and thus could not serve as a particular purpose. 155 F. Supp. 3d at 805; *see also CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17-cv-4993, 2018 WL 3970137, *6 (N.D. Ill. Aug. 20, 2018) (dismissing plaintiff's fitness claim because he pleaded no use other than product's ordinary use).

Plaintiff complains only that the cups no longer fulfill their ordinary use—measuring. Compl. ¶¶ 17 ("The result is that it no longer can meet its intended purpose of measurement."), 66 (asserting Plaintiff relied on representations that the cups were "dishwasher safe and [] would not rapidly degrade with normal use to the point where it failed to fill [sic] its purpose as a measuring cup"). Because Plaintiff pleads no particular use, her claim cannot survive.

### D. The Economic Loss Doctrine Bars Plaintiff's Negligent Misrepresentation Claim.

A party may not "recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011); *See also Ibarolla v. Nutrex Res., Inc.*, 2012 WL 5381236, at *5-6 (N.D. Ill. Oct. 31, 2012) (dismissing negligence claims as barred by economic loss rule). "'Economic loss' includes damages for . . . 'the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.'" *O'Connor v. Ford Motor Co.,* 477 F. Supp. 3d 705, 721 (N.D. Ill. 2020).

Plaintiff alleges only economic loss from paying more than she would have had she known the lines on her Pyrex® cups would fade. Compl. ¶¶ 33 ("As a result of the false and misleading representations and defective design and manufacture, the Product is sold at a premium price, approximately no less than $24.99 for a 3 Piece Glass Measuring Cup Set[.]"), 54 ("Plaintiff paid

14

more for the Product than she would have paid had he [sic] known the representations were false and misleading, as he [sic] would not have bought it or paid less."). Her claims thus cannot prevail.

### E. Plaintiff's Unjust Enrichment Claim Is Fatally Duplicative.

Because Plaintiff's unjust enrichment claim duplicates her other claims, it fails too. Courts routinely dismiss unjust enrichment claims where they rely on the same factual allegations as a false advertising claim. *See, e.g.*, *Slafter*, 2022 WL 1912388, at *4 (dismissing unjust enrichment claim with prejudice where it was "based on the same underlying conduct as his ICFA claim," and the ICFA claim failed); *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013). They also dismiss unjust enrichment claims that rely on the same facts as warranty claims. Plaintiff pleads no factual daylight between the three claims—they all hinge on Instant Brands' allegedly deceptive "dishwasher safe" advertising. Compl. ¶¶ 66, 73, 82-83, 84, 87, 90. The unjust enrichment claim meets the same fate as all the others. *Bartosiake*, 2022 WL 4552025, at *4 (SS).

### CONCLUSION

Dismissal with prejudice is warranted. This case is just one more example of the dozens of cases where Plaintiff raises an absurdist interpretation of a term that no reasonable consumer would dream up. While a court should freely give a party leave to amend its pleadings when justice so requires, it should deny leave to amend when the amendment would be futile. FED. R. CIV. P. 15(a). The Court should dismiss Plaintiff's Complaint with prejudice because it is futile for her to amend.

Dated: December 12, 2022

                                                                Respectfully submitted,

                                                                 */s/ Jason Stiehl*

                                                                 Jason P. Stiehl
                                                                  Erika A. Dirk
                                                                  CROWELL & MORING LLP
                                                                  455 N Cityfront Plaza Dr.

15

Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com
edirk@crowell.com

Amy Pauli (*pro hac vice pending*)
CROWELL & MORING LLP
Denver Place
999 18th Street
Suite 3000
Denver, CO 80202
Tel: (303) 524-8660
apauli@crowell.com

*Attorneys for Defendant Instant Brands LLC*

16

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on December 12, 2022, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Illinois via the Court's CM/ECF system.

*/s/ Jason Stiehl*
