UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tammy Devane, individually and on behalf of all others similarly situated, | 1:22-cv-04900 |
| Plaintiff, | Hon. Georgia N. Alexakis |
| - against - | |
| Instant Brands LLC, | |
| Defendant | |

**INITIAL STATUS REPORT FOR REASSIGNED CASES**

The parties respectfully submit the following joint status report pursuant to this Court's Order of July 15, 2024, and the Court's Individual Rules for Reassigned Cases. ECF No. 35.

**I.     Nature of the Case:**

    A.    Identify the attorneys of record for each party, including the lead trial attorney.

                <u>Plaintiff's Attorneys</u>
                Spencer Sheehan – Lead Attorney
                Francis Richard Greene

                <u>Defendant's Attorneys</u>
                Jason Stiehl – Lead Attorney
                Amy Pauli

    B.    State the basis for federal jurisdiction.

            Jurisdiction is based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff is a citizen of a different state than Defendant and the amount in controversy is alleged to exceed $5,000,000.00.

            Plaintiff Tammy Devane is a citizen of Plant City, Florida, Hillsborough County.

            Defendant Instant Brands LLC is a Delaware limited liability company with a principal place of business in Downers Grove, Illinois, DuPage County.

    C.    Describe generally the nature of the claims asserted in the complaint and any counterclaims.

        Plaintiff alleges Defendant's tempered glass measuring cups sold under the Pyrex brand ("Product") is labeled in a way that misleads consumer, because it purports to be dishwasher safe.

        The Product's labeling is alleged to be misleading with respect to being dishwasher safe. This is a deceptive practice. The common representations render this action suitable for disposition under Fed. R. Civ. P. 23.

        Defendant disagrees that Plaintiff or anyone else was misled by the packaging of the Product.

        Defendant contends that the packaging and labeling of the Product as challenged is not deceptive as a matter of law because no reasonable consumer would interpret them as alleged by Plaintiff, that this case is not appropriate for class certification, and that several of Plaintiff's causes of action are improperly or inadequately pled, among other defenses.

    D.    Describe the relief sought by the Plaintiff.

        Plaintiff seeks monetary damages based on the premium at which the Product was sold compared to the price consumers would have paid had it been labeled in a non-deceptive manner. Plaintiff seeks injunctive relief to change the challenged practices.

    E.    List the names of any parties that have not yet been served.

        All parties have been served.

**II.**    **Discovery and Pending Motions:**

    A.    Identify all pending motions.

        On December 12, 2022, Defendant filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint. ECF No. 12. The motion is fully briefed however, on June 30, 2023, Defendant filed a Suggestion of Bankruptcy and Notice of Automatic Stay. ECF No. 24. Defendant's bankruptcy proceedings remain ongoing.

    B.    What is the current discovery schedule?

        During the initial status conference, the Court agreed to the parties' proposal to stay discovery pending resolution of the motion to dismiss. ECF No. 9. There is no discovery schedule currently in place.

    C.    Describe the general type of discovery required. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.

        No discovery has taken place.

        Should the stay be lifted, the subjects of Plaintiff's discovery will include the marketing and labeling of the Product, Defendant's studies of consumer interpretation of the label, and its pricing.

        Should the stay be lifted, the subjects of Defendant's discovery will include the specific timing of any purchases of the Product containing the product label, materiality of and reliance on the alleged false advertising as to the Plaintiff's purchasing decisions, Plaintiff's expectations regarding the Product and how the Product that was received frustrated those expectations, and how, if at all, Plaintiff was injured thereby. Defendant will also focus on a lack of predominance of common class-wide issues or common class-wide evidence on these topics.

    D.    Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)

        No substantive rulings have been issued in this case.

    E.    Briefly describe any anticipated motions.

        Should the motion to dismiss be denied, Plaintiff intends to file a motion for class certification. Defendant intends to oppose Plaintiff's motion and move for summary judgement.

**III.**    <u>**Trial**</u>

    A.    Have any of the parties demanded a jury trial?

        Plaintiff has requested a jury trial.

    B.    What is the trial date? If there is no trial date, when will the parties be ready for trial?

        There is no trial date nor do the parties know when this case will be ready for trial at this time.

    C.    Have the parties filed a final pretrial order? If not, what is the deadline for filing?

        The parties have not filed a final pretrial order and there is no deadline to do so.

    D.    Estimate the number of trial days.

        Plaintiff estimates a jury trial lasting 4-7 days.

**IV.**    <u>**Settlements, Referrals, and Consent:**</u>

    A.    State whether any settlement discussions have occurred and describe the status of

        any such discussions.

        The parties have not discussed settlement at this time.

B.    Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?

        This case has not been referred to the Magistrate Judge.

C.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

        The parties do not request a settlement conference at this time.

D.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?

        The parties have discussed the possibility with proceeding before the assigned Magistrate Judge for all purposes and the parties do not unanimously consent to proceeding before a Magistrate Judge.

**V.**    **Other:**

A.    Is there anything else that the parties want the Court to know?

        As previously reported, the supplier Midea filed an Appeal (Docket No. 1179) to the Reorganization Plan in Instant Brands' Bankruptcy proceedings. ECF No. 34.

        The appeal is still pending before the Bankruptcy Court.

        The parties believe that the circumstances do not warrant lifting the stay.

        The parties have nothing further to bring to this Court's attention.

Dated:    October 7, 2024

                                                                   Respectfully submitted,

| /s/ Jason P. Stiehl | /s/Spencer Sheehan |
|---|---|
| Crowell & Moring LLP | Sheehan & Associates, P.C. |
| 455 N Cityfront Plz Dr Ste 3600 | 60 Cuttermill Rd Ste 412 |
| Chicago, IL 60611 | Great Neck NY 11021 |
| Tel: (312) 840-3108 | Tel: (516) 268-7080 |
| jstiehl@crowell.com | spencer@spencersheehan.com |
| | |
| Amy Pauli | *Attorneys for Plaintiff* |

Crowell & Moring LLP
Denver Pl 999 18th St Ste 3000
Denver CO 80202
Tel: (303) 524-8660
apauli@crowell.com

*Attorneys for Defendant Instant Brands LLC*